UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PRODUCT SOURCE INTERNATIONAL, LLC,

        Plaintiff,

   v.

LEONID NAHSHIN,

        Defendant.

Civil No. 13-4997 (NLH/KMW)

**OPINION**

**APPEARANCES:**

Anthony J. DiMarino, III, Esquire
A.J. DiMarino, III, PC
41 Grove Street
Haddonfield, New Jersey 08033
   *Attorney for Plaintiff Product Source International, LLC*

Firouzeh Nur-Vaccaro, Esquire
Yong Jae Kim, Esquire
Kim Winston LLP
1307 White Horse Road
Suite 601
Voorhees, New Jersey 08043
   *Attorneys for Defendant Leonid Nahshin*

**HILLMAN, District Judge**

    This matter comes before the Court by way of Defendant Leonid Nahshin's motion [Doc. No. 9] to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, or in the alternative to transfer this matter to the Eastern District of Virginia

pursuant to 28 U.S.C. § 1406(a).  Also before the Court is Plaintiff's cross motion [Doc. No. 13] to permit limited jurisdictional discovery in this matter.  The Court has considered the parties' submissions and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Defendant's request to transfer this action to the Eastern District of Virginia will be granted.  Accordingly, Defendant's request to dismiss the complaint and Plaintiff's cross motion for limited jurisdictional discovery will be denied as moot.

I.     **JURISDICTION**

Plaintiff Product Source International, LLC (hereinafter, "PSI") brings this action "seeking judicial review of [a decision of] the United States Patent and Trademark Office's Trademark Trial and Appeal Board[]" in the matter of <u>Nahshin v. Product Source International, LLC</u>, Cancellation No. 92051140, wherein the Trademark Trial and Appeal Board (hereinafter, "TTAB") decided "to cancel PSI's trademark registration[.]" (Pl.'s Compl. [Doc. No. 1] ¶¶ 1, 7.).  Accordingly, the Court exercises subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and specifically 15 U.S.C. § 1071(b)(1),

2

which provides in pertinent part:

> Whenever a person authorized by subsection (a) of this section to appeal to the United States Court of Appeals for the Federal Circuit is dissatisfied with the decision of the ... Trademark Trial and Appeal Board, said person may, unless appeal has been taken to said United States Court of Appeals for the Federal Circuit, have remedy by a civil action if commenced within such time after such decision, not less than sixty days, as the Director appoints or as provided in subsection (a) of this section.  The court may adjudge that an applicant is entitled to a registration upon the application involved, that a registration involved should be canceled, or such other matter as the issues in the proceeding require, as the facts in the case may appear.

**II.   BACKGROUND**

According to the complaint, PSI "is engaged in the business of distributing cigarette filters that are designed to remove nicotine and tar out of the cigarette smoke as it passes through the filter." (Pl.'s Compl. ¶ 11.)  "One of PSI's products uses the mark NIC OUT." (Id.)  PSI alleges that on March 21, 2006, PSI applied for registration of the NIC OUT mark under Serial No. 78842281, which was registered on December 4, 2007 under U.S. Registration No. 3,350,041.  (Id. ¶ 16.)  Subsequently, on June 23, 2009, Leonid Nahshin, the Defendant in this action, "filed a Petition for Cancellation of PSI's NIC OUT mark with the TTAB." (Id. ¶ 17.)  Upon consideration of a motion by PSI,

Nahshin's original Petition for Cancellation was later dismissed by the TTAB for failure to state a claim upon which relief could be granted and because there were insufficient facts to establish Nahshin's standing. (Id. ¶ 21.) In dismissing the original Petition for Cancellation, the TTAB granted Nahshin leave to file an amended pleading. (Id.) Nahshin filed an Amended Petition for Cancellation on February 10, 2010. (Id. ¶ 22.) Ultimately, the TTAB issued a decision on June 21, 2013, granting Nahshin's Amended Petition to cancel PSI's NIC OUT mark. (Id. ¶¶ 2-3, 34.)

PSI now brings this action to appeal the findings and rulings of the TTAB, seeking reversal of the TTAB's decision to cancel PSI's registered United States Trademark, NIC OUT, Registration No. 3,350,041. (Id. ¶¶ 1, 4, 7, 10.) PSI asserts the following deficiencies with respect to the June 21, 2013 cancelation determination: (1) the "decision failed to adhere to clear TTAB rules which prohibit last minute changes in a party's theory of the case[;]" (2) the TTAB "erred because it improperly allowed Nahshin to replace priority of use arguments with ownership arguments[;]" (3) the TTAB erroneously rejected "PSI's objections to the evidence[;]" (4) the TTAB failed to find "that Nahshin had waived his claims of priority[;]" (5) the TTAB's

4

failure to find that "Nahshin acquiesced in use of the mark by PSI, released rights by contract" and the TTAB's denial of the "the additional legal and factual arguments presented by PSI" constituted error; (6) the TTAB's rulings on the affirmative defenses asserted by PSI were erroneous; and (7) the evidence was insufficient to support the TTAB's findings.  (Id. ¶¶ 38-45.)

Plaintiff's sole claim in this case is an appeal of the TTAB's June 21, 2013 ruling canceling PSI's registered mark.  (See id. ¶¶ 46-51.)  Plaintiff asks this Court to reverse and vacate the June 21, 2013 decision of the TTAB, and to issue an order directing the United States Patent and Trademark Office "to reverse its decision, to deny Nahshin's Petition for Cancellation[,]" and to reinstate PSI's NIC OUT mark.  (Id. ¶¶ 47, 51.)

### III. DISCUSSION

In the present motion, Nahshin seeks to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  (Br. in Supp. of Mot. to Dismiss for Lack of Personal Jurisdiction or to Transfer Venue to the Eastern District of Virginia [Doc. No. 9-4] (hereinafter,

5

"Def.'s Br.") 1.)  Alternatively, Nahshin requests that "this Court transfer this action pursuant to 28 U.S.C. § 1406(a) to the U.S. District Court for the Eastern District of Virginia, which "by operation of 15 U.S.C. § 1071(b)(4)[,]" has personal jurisdiction over Mr. Nahshin, "a foreign defendant [in] an appeal of a decision of the" TTAB.  (Def.'s Br. 1-2.)

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of an action when the Court does not have personal jurisdiction over a defendant.  "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007) (citing Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001)).  In deciding a motion to dismiss for lack of personal jurisdiction, the Court must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."  Carteret Sav. Bank v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir.), cert. denied, 506 U.S. 817 (1992) (citations omitted).

With respect to transfer, 28 U.S.C. § 1406(a) provides in pertinent part that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer

such case to any district or division in which it could have been brought." As the United State Supreme Court has recognized, the language of Section 1406(a) "is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962).

**IV.  ANALYSIS**

In the present motion, Nahshin represents that he has "no personal connection with the United States, and specifically no connection to New Jersey. (Def.'s Br. 2.) Nahshin, an Israeli citizen, submitted a declaration in support of his motion declaring under penalty of perjury that he is a "citizen and resident of Israel[,]" that he has never traveled to New Jersey specifically, or to the United States more generally, that he does not own property in New Jersey, that he does not have business in New Jersey, and that he has no other connections with this state. (Decl. of Leonid Nahshin [Doc. No. 9-3] ¶¶ 1-7; see also Def.'s Br. 3.) Nahshin further represents that he is owner of an Israeli company called P. Service, which has

7

"sold NIC-OUT brand cigarette filters in the United States since 2001." (Decl. of Leonid Nahshin [Doc. No. 9-3] ¶¶ 8-10.) Specifically, P. Service, not Nahshin, "sold those filters through Product Source International, LLC[,]" a New Jersey limited liability corporation, from mid 2007 through the end of that year. (Id. ¶ 11.) Nahshin asserts that PSI "stopped placing orders for the filters with P. Service" at the end of 2007. (Id. ¶ 12.)

Relying primarily on his declaration, Nahshin argues that the Court lacks both general and specific jurisdiction over him. (Def.'s Br. 7-8.) Nahshin claims that "[o]ther than the contact [that] his company P. Service [had] with PSI, and ... his [own] personal contact with PSI as opposite parties in the TTAB cancellation" proceeding, Nahshin "has no relationship with any New Jersey based entities." (Id. at 7.) Therefore, Nahshin contends, it does not comport with due process for him to be hauled into court in New Jersey as a general matter. (Id.) Furthermore, Nahshin argues that his initiation of the cancelation proceeding before the TTAB and the filings he submitted in furtherance of that proceeding, cannot serve as a basis for specific personal jurisdiction over him in New Jersey because Plaintiff's claims arise out of a decision made by the

8

TTAB in Alexandria, Virginia – the decision that PSI now seeks reversal of by this Court.  (Id. at 7-8.)

Alternatively, Nahshin argues that because this action is an appeal of a decision by the TTAB, 15 U.S.C. § 1071 governs "the process, jurisdiction and venue for th[is] matter." (Def.'s Br. 8.)  Specifically, Nahshin contends that Section 1071(b)(4) provides that where the adverse party to a *inter partes* petition to cancel a trademark registration resides in a foreign country, jurisdiction lies in the United States District Court for the Eastern District of Virginia.  (Id.)  As Nahshin explains it, that is the situation here because:

> PSI is a person, dissatisfied with the decision of the Trademark Trial and Appeal Board, that is authorized ... to appeal a decision of the Trademark Trial and Appeal Board.  There exists an adverse party, in this case Mr. Nahshin, the prevailing party in the cancellation proceeding at the TTAB from which PSI appeals.  The adverse party resides in a foreign country, in this case, Israel.  Therefore, personal jurisdiction and venue lie properly in the Eastern District of Virginia.

(Id. at 8-9.)

Nahshin points out that where there is no personal jurisdiction over the defendant, it is common to transfer an action to a different district under 15 U.S.C. § 1071(b)(4)'s grant of jurisdiction.  (Id. at 9) (citing Flying Tiger Oil Co. v. Flying Tigers Line, Inc., 118 F.R.D. 263, 263 (D.D.C. 1988);

9

Cardwell v. Investor's Analysis, Inc., 620 F. Supp. 1395, 1398-99 (D.D.C. 1985); Del-Viking Prods. v. Estate of Johnson, 31 U.S.P.Q. 2d 1063, 1994 WL 413752 (W.D. Pa. 1994); E. & J. Gallo Winery v. Gandelmo, 192 U.S.P.Q. 210, 1976 WL 21085 (D.D.C. 1976)). Given that this Court does not have jurisdiction over Nahshin, and the Eastern District of Virginia does, Defendant argues that the Court "may transfer the action to the court where it might have been brought originally, the Eastern District of Virginia." (Id.)

PSI opposes Nahshin's motion in nearly all respects,[1] and cross moves for limited jurisdictional discovery here. PSI argues initially that the Court has specific jurisdiction over Nahshin under the New Jersey long arm statute because: (1) he purposely directed his activities at New Jersey; (2) this litigation arises out of, or relates to, at least one of those activities; and (3) exercising jurisdiction over Nahshin comports with traditional notions of fair play and substantial

---

[1] PSI argues only that the Court has specific jurisdiction over Nahshin, apparently conceding that there is no basis for this Court to exercise general personal jurisdiction over Nahshin because his contacts with New Jersey are not continuous and systematic. Given that Plaintiff does not oppose Nahshin's argument on the issue of general jurisdiction under the New Jersey long-arm statute, the Court agrees with Nahshin and finds that the exercise of general personal jurisdiction over Nahshin is not proper.

10

justice.  (Pl.'s Resp. in Opp'n to the Mot. to Dismiss for Lack of Personal Jurisdiction or to Transfer Venue to the E.D. Va. [Doc. No. 12] (hereinafter, "Pl.'s Opp'n"), 11-17) (citing O'Connor v. Sandy Lane Hotel, Co., 496 F.3d 312, 317 (3d Cir. 2007)).

PSI further argues that personal jurisdiction exists over Nahshin under Federal Rule of Civil Procedure 4(k)(2) as a result of his contacts with the United States.  Federal Rule of Civil Procedure 4(k)(2), known as the federal long arm statute, provides in pertinent part, "[f]or a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws."  FED. R. CIV. P. 4(k)(2).  Rule 4(k)(2) "extends personal jurisdiction over foreign defendants for claims arising under federal law if that person is not subject to personal jurisdiction in any state but has sufficient contacts with the nation as a whole to justify the imposition of the laws of the United States."  West Africa Trading & Shipping Co. v. London Int'l Group, 968 F. Supp. 996, 1000-01 (D.N.J. 1997).

Finally, with respect to Nahshin's request for a transfer in accordance with 15 U.S.C. § 1071(b)(4), PSI argues that Section 1071(b)(4) merely provides an additional venue, not the exclusive venue, for this appeal from the TTAB's decision. (Pl.'s Opp'n 27-31.)  However, if this Court finds that personal jurisdiction is lacking over Nahshin or that venue is improper, PSI asks that the Court transfer this action rather than enter a dismissal.  (Id. at 31 n.9.)

In Sinochem International Co. Ltd. V. Malaysia International Shipping Corp., 549 U.S. 1184, 1190-91 (2007), the United States Supreme Court explained that Congress codified the common-law doctrine of *forum non conveniens* for the federal court system in 28 U.S.C. §§ 1404(a) and 1406(b) and "has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action."  That is to say, "[a] *forum non conveniens* dismissal 'den[ies] audience to a case on the merits,' ... it is a determination that the merits should be adjudicated elsewhere." Id. at 1192 (citations omitted).  Accordingly, a "district court ... may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and

12

judicial economy so warrant."  Id.

With respect to Section 1406(a), the Supreme Court explicitly held in Goldlawr that the language of the statute is "amply broad enough to authorize the transfer of cases ... whether the court in which it was filed had personal jurisdiction over the defendants or not." 369 U.S. at 466. "Because a dismissal or transfer pursuant to § 1406 represents a determination that the merits of the case must be adjudicated elsewhere, permitting such a determination to be made ahead of questions of subject matter and personal jurisdiction is a logical extension of Sinochem."  DelGuercio v. NCI Const. Corp., No. 07-2350, 2007 WL 4287687, at *2 (D.N.J. Dec. 4, 2007). Accordingly, the Court will first address the parties' request to transfer this matter to the Eastern District of Virginia and need not make a determination regarding personal jurisdiction over Nahshin before doing so.

15 U.S.C. § 1071(b)(4) provides that "[w]here there is an adverse party, [a] suit [under Section 1071(b)(1)] may be instituted against the party in interest as shown by the records of the United States Patent and Trademark Office at the time of the decision complained of[.]"  Section 1071(b)(4) goes on to specify that "[i]f there are adverse parties residing in a

13

plurality of districts not embraced within the same State, or an adverse party residing in a foreign country, the United States District Court for the Eastern District of Virginia shall have jurisdiction and may issue summons against the adverse parties directed to the marshal of any district in which any adverse party resides." "Historically, 15 U.S.C. § 1071(b)(4) provided that 'the United States District Court for the District of Columbia shall have jurisdiction' over such an appeal if the adverse party resides in a foreign country, .... Congress amended that statute in September 2011, however, to substitute the Eastern District of Virginia as the appropriate venue for such claims." Trizetto Group, Inc. v. Farmaco-Logica, B.V., No. 12-cv-1443, 2013 WL 140253, at *1 (D.D.C. Jan. 11, 2013).

District courts elsewhere have repeatedly and consistently interpreted Section 1071(b)(4) as the exclusive jurisdiction and venue provision governing cases where the plaintiff is appealing a TTAB determination and the adverse party is a foreign defendant, or where the adverse parties reside in a plurality of districts not embraced by the same state. See, e.g., Trizetto Group, 2013 WL 140253, at *2 ("Congress recently amended that statute — which previously designated the District of Columbia as the district with exclusive jurisdiction over these types of

14

claims — to substitute the Eastern District of Virginia"); Blue Man Productions, Inc. v. Tarmann, No. 05-2037, 2008 WL 6862402, at *1 n.1 (D.D.C. Apr. 03, 2008) (noting in an action seeking reversal of a TTAB determination that "[b]ecause defendant resides in a foreign country (Austria), 15 U.S.C. § 1071(b)(4) provides this Court with personal jurisdiction over him."); Mitchell Cosmetics SARL v. Pramil S.R.L. (Esapharma), No. 04-1557, 2005 WL 3273371, at *1 (D.D.C. Aug. 29, 2005) (concluding that the court's jurisdiction was proper under Section 1071(b)(4) in a suit brought pursuant to Section 1071(b) seeking *de novo* review of TTAB ruling where defendant was an Italian corporation); Pro-Football, Inc. v. Harjo, 284 F. Supp. 2d 96, 100 (D.D.C. 2003) (concluding the "United States District Court for the District of Columbia has jurisdiction where, as here, the defendants 'resid[e] in a plurality of districts not embraced within the same State ....') (citing 15 U.S.C. § 1071(b)(4)); see also Del-Viking Productions, Inc. v. Estate of Johnson, No. 93-1831, 1994 WL 413752, at *1 (W.D. Pa. Feb. 10, 1994) (concluding that "§ 1071(b)(4) mandates that jurisdiction of this claim under the circumstances present in this case [i.e., there are multiple adverse parties residing in different states] properly lies only with the District Court for the

District of Columbia" and transferring the action to that district); cf. Cardwell v. Investor's Analysis, Inc., 620 F. Supp. 1395, 1397 (D.D.C. 1985) (finding that the district court for the District of Columbia "has jurisdiction and venue by virtue of Section 1071(b)(4) only if there are two or more defendants residing in separate districts or if there is a defendant residing in a foreign country[,]" although neither circumstance applied in that case, but further nothing that this "literal reading of § 1071(b)(4) is amply supported by the case law in this circuit").

    The Court agrees with Defendant Nahshin and the case law set forth above that transfer of this case is appropriate under Section 1071(b)(4), and particularly warranted in this case where a dismissal would effectively preclude review of the determination entered by the TTAB on June 21, 2013 on limitations grounds.  See Trizetto Group, 2013 WL 140253, at *2; Cardwell, 620 F. Supp. at 1398-99 (recognizing that "[i]f the case is not transferred, plaintiff's claims would be barred by the 60-day limitation of 15 U.S.C. § 1071(b).").

**V.     CONCLUSION**

    For the foregoing reasons, Defendant's motion to dismiss, or in the alternative to transfer this case to the Eastern District of Virginia will be denied in part as moot, and granted in part.  Plaintiff's cross motion for jurisdictional discovery will also be denied as moot.  An Order consistent with this Opinion will be entered.


Dated: June 27, 2014                   s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

17